**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4368**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SYDNI FRAZIER, a/k/a Sid, a/k/a Perry,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge.  (1:16-cr-00267-CCB-25)

_____

Submitted:  July 17, 2024                    Decided:  September 11, 2024

_____

Before AGEE, WYNN, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Christopher M. Davis, Mary E. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant.  Erek L. Barron, United States Attorney, Brandon K. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Sydni Frazier of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846; possession of a firearm in furtherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. § 924(j); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1).  Frazier now appeals, challenging the district court's denial of his motion to suppress, the court's response to a note from the jury, and the court's decision not to grant a new trial or to reopen the suppression hearing.  Frazier also contends that post-verdict changes in the law require reversal of his § 924(j) conviction.  For the reasons that follow, we affirm.

Before trial, Frazier moved to suppress evidence obtained in November 2017 from a warrantless search of a house in Baltimore, Maryland.  The owner purportedly gifted the house to Frazier's mother so that she could open an assisted living facility.  In turn, Frazier's mother invited Frazier to the house to help with renovations.

Based on several events occurring prior to the search, the district court determined that Frazier lacked a reasonable expectation of privacy in the house.  First, the court found that the owner never legally transferred the house to Frazier's mother and, further, that the owner's interest in the property terminated in May 2016, when the City of Baltimore sold the house in a tax sale following nonpayment of property taxes.  Thus, at the time of the November 2017 search, the owner had no right to allow Frazier's mother to occupy the house and, in turn, she had no right to authorize Frazier to perform renovation work.  Second, in July 2016, prior to the foreclosure on the house, Frazier's mother rescinded her

2

invitation to Frazier, telling him not to go to the house and to remove any belongings therein.  And third, Frazier was incarcerated from January 2017 through the time of the search, meaning that any renovation work he was doing necessarily ceased upon his arrest.

"We review a district court's denial of a motion to suppress by considering conclusions of law de novo and underlying factual findings for clear error." *United States v. Rose*, 3 F.4th 722, 727 (4th Cir. 2021) (internal quotation marks omitted).  "Absent an objectively reasonable expectation of privacy in the [place or] items searched, an individual cannot claim protection under the Fourth Amendment." *Id.*  "[T]o establish a reasonable expectation of privacy, a defendant must identify evidence objectively establishing his ownership, possession, or control of the property at issue . . . at the time the search was conducted." *Id.* at 727-28 (citations omitted).

On appeal, Frazier argues that he had a reasonable expectation of privacy in the house, noting that he had been invited to the house by his mother; that his bank card was recovered from the property; that only he and his mother had keys to the house; and that he had taken precautions to exclude others from the property.  But these arguments largely ignore the temporal component of the expectation-of-privacy inquiry.  As the district court thoroughly explained, any legitimate expectation was extinguished either in May 2016, when the tax sale occurred, or in July 2016, when Frazier's mother told Frazier to remove his belongings and to stop going to the house.  We therefore discern no error in the court's denial of Frazier's motion to suppress the evidence obtained from the house.

Next, when instructing the jury on the 18 U.S.C. § 924(j) charge, the district court explained that the operative indictment alleged that Fraizer possessed, brandished, *and*

3

discharged a firearm. Then, in going through the elements of the offense, the court explained that the Government had to prove that Frazier knowingly possessed, brandished, *or* discharged a firearm. During deliberations, the jury returned a note referencing the discrepancy between the "and" in the indictment and the "or" in the charge, then asked: "Is the charge that the defendant did all three or just one as part of [the § 924(j) offense]?" (J.A.[1] 515).

The Government argued that, because it charges in the conjunctive but proves in the disjunctive, the proper answer was that the jury needed to find only one of the three acts. Frazier, on the other hand, asserted that the answer depended on whether the jury found him liable as a principal, as an aider and abettor, or under a felony murder theory. To convict on the first theory, Frazier believed that the jury had to find that he possessed, brandished, and discharged the firearm. But to convict on either of the other two theories, Frazier reasoned that the jury did not need to find that he personally did anything with a firearm. The district court sided with the Government and advised the jury that it needed to find just one of the three alleged acts.

"[W]hen the jury asks a clarifying question, the court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice." *United States v. Alvarado*, 816 F.3d 242, 248 (4th Cir. 2016) (internal quotation marks omitted). "We review the form and content of the district court's response to the jury's

---

[1] "J.A." refers to the joint appendix filed by the parties in this appeal.

4

question for abuse of discretion." *United States v. Burgess*, 684 F.3d 445, 453 (4th Cir. 2012).

Here, the source of the jury's confusion was clear and obvious: the indictment charged the § 924(j) offense in the conjunctive, while the district court laid out the crime's actus reus in the disjunctive. So the jury wanted to know which controlled—that is, whether the Government had to prove that Frazier possessed, brandished, and discharged a firearm, or just one of those three prohibited acts. And the court correctly replied that finding just one act was sufficient. *See United States v. Perry*, 560 F.3d 246, 256 (4th Cir. 2009) ("It is well established that when the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive."). Though Frazier insists that a far more complicated response was required, we conclude that the court ably exercised its discretion by providing a simple answer to a simple question.

In a separate claim arising out of the jury instructions, Frazier contends that his § 924(j) conviction must be reversed because the district court did not require the jury to reach a unanimous decision as to the specific theory of liability. As Frazier recognizes, in *United States v. Horton*, 921 F.2d 540 (4th Cir. 1990), we held that a defendant's right to a unanimous verdict was not violated merely because it was unclear whether the jurors convicted him as a principal or as an aider and abettor. *Id.* at 545 ("When alternative acts are so closely related, however, so as not to be conceptually distinct, a jury need not be unanimous as to which factual predicate or specification supports the defendant's guilt." (internal quotation marks omitted)). Nevertheless, Frazier maintains that *Ramos v.*

5

*Louisiana*, 590 U.S. 83 (2020), which issued after the verdict in this case, abrogated the rule in *Horton*. We disagree. *Ramos*, which held that the Sixth Amendment requires unanimous verdicts in state criminal cases, *id.* at 93, is inapposite and in no way alters our decision in *Horton*. Thus, we reject Frazier's challenge to his § 924(j) conviction.

Finally, days after the jury's verdict, Frazier learned that Ivo Louvado, a Baltimore police officer who had submitted three warrant affidavits in Frazier's case, had been charged with lying to federal officials about his involvement in a scheme to sell cocaine more than a decade earlier. As a result, Frazier filed a motion to reopen the suppression hearing and for a new trial under Fed. R. Crim. P. 33. The district court denied the motion. We review that decision for abuse of discretion. *United States v. Ali*, 991 F.3d 561, 570 (4th Cir. 2021) (stating standard of review for Rule 33 motion); *United States v. Dickerson*, 166 F.3d 667, 677-78 (4th Cir. 1999) (stating standard of review for motion to reopen suppression hearing), *rev'd on other grounds*, 530 U.S. 428 (2000).

Recently, in *United States v. Banks*, 104 F.4th 496 (4th Cir. 2024), we considered an appeal brought by several of Frazier's codefendants. Like Frazier, his codefendants argued that Louvado's misconduct required a new trial. *Id.* at 509. They also argued that, if "Louvado's misconduct [had] been disclosed earlier, they would have sought a *Franks*[2] hearing to challenge the admissibility of the evidence obtained as a result of the search warrants and wiretap authorizations that he played a role in obtaining." *Id.* at 510 n.4. We rejected both claims, explaining that Louvado's misconduct was not material to the

---

[2] *Franks v. Delaware*, 438 U.S. 154 (1978).

findings of guilt and probable cause. *Id.* at 509-12 & n.4. For the same reasons, we discern no abuse of discretion in the district court's denial of Frazier's motion.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*